FILED

DEC 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES POSTLETHWAITE,

           Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

           Respondent-Appellee.

No.   16-35487

D.C. No. 2:15-cv-01673-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted December 6, 2017
Seattle, Washington

Before: O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

James Postlethwaite appeals the denial of a 28 U.S.C. § 2255 motion

alleging ineffective assistance of counsel in connection with his earlier conviction

for conspiracy to distribute marijuana in violation of 21 U.S.C § 841(b)(1)(A). The

facts are known to the parties and will not be repeated here unless necessary.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

I

Postlethwaite argues that he received ineffective assistance of counsel, in violation of the Sixth Amendment, in connection with a motion to suppress certain statements made to investigators after being arrested. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The district court found that while counsel's performance was deficient, Postlethwaite was not prejudiced by any deficient performance. Postlethwaite appeals that ruling.

A

We review a district court's denial of a 28 U.S.C. § 2255 motion based on ineffective assistance of counsel de novo. *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003). Ineffective assistance claims are evaluated under the two-prong test announced in *Strickland.* 466 U.S. at 687. To succeed on a *Strickland* claim, a defendant must prove that (1) counsel's performance was deficient, and (2) the defendant was prejudiced by counsel's deficient performance. *Vega v. Ryan*, 757 F.3d 960, 965 (9th Cir. 2014).

B

Even had Postlethwaite's counsel performed deficiently—which we assume without deciding—"[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Postlethwaite does not meet this burden. *See id.* at 104. The government introduced video surveillance that identified the delivery truck as a red Volvo towing a white Hyundai trailer. At trial, the government offered the testimony of three individuals who identified Postlethwaite as the driver. The witnesses also testified that Postlethwaite operated the secret compartment in the truck, where the drugs were stored.

Furthermore, the government put forth evidence showing that, on multiple occasions, Postlethwaite crossed the border driving the red Volvo shortly before the drugs were delivered, by this same truck and trailer, to the distribution warehouse in Kent, Washington.

The crux of the prosecution's case was proven by the three witnesses and corroborated by the border-crossing records. The evidence adduced at trial, even excluding Postlethwaite's statements, renders no "reasonable probability that the successful [suppression] motion would have affected the outcome." *Van Tran v. Lindsey*, 212 F.3d 1143, 1156 (9th Cir. 2000).

II

The judgment of the district court is **AFFIRMED**.